**WERTZ v TARR et**

Ohio Appeals, 6th Dist, Williams Co

No 212. Decided May 29, 1933

David A. Webster, Bryan, for plaintiff in error.

Newcomer & Parker, Bryan, and Charles T. Stahl, Bryan, for defendants in error.

## OPINION

PER CURIAM:

O. B. Wertz brought an action in the Court of Common Pleas against W. B. Tarr and Belle Tarr upon a cognovit note and obtained judgment thereon in the sum of $143.06. Thereupon execution was issued and the return thereon shows that no money was made, and the judgment not satisfied. Thereafter on August 3, 1932, an affidavit was filed in a so-called proceeding in aid of execution and this affidavit recites the judgment obtained and that defendants have money to be applied to the payment of the judgment and recites, among other things, that Ross Stickney, as administrator of the estate of David Henry, deceased, is indebted to the defendants and has property in his hands belonging to them. On the same day the court made an order summoning said administrator to testify as a witness and enjoining him from disposing of the property in his hands, or permitting it to be wasted until further order of the court. Thereafter on application of the defendants, the judgment was set aside absolutely, and not suspended, trial was had and the jury returned a verdict for plaintiff for $100.00. Judgment was entered thereon on November 8, 1932. On January 20, 1932, the court without issuance of an execution for the collection of the second judgment and without the filing of an additional affidavit, took up the hearing on the affidavit in aid of execution.

When the first judgment was set aside the whole proceeding in aid of execution fell and at the time of said hearing in the court below there was no proceeding in aid of execution pending. The court dismissed the application and held that the money in the hands of the administrator could not be reached. In view of the fact that proceedings were not started on the second judgment, there was no error in the action of the trial court.

We may suggest that an appropriate remedy may be had by plaintiff below to reach the money in the hands of the administrator, if it can be reached, by civil action under §11760, GC. Whether or not it can be reached in the manner plaintiff sought to reach it, it is not necessary for this court to determine, as anything said in that connection would be obiter dicta.

For the reasons given the judgment will be affirmed.

Judgment affirmed.

WILLIAMS, RICHARDS and LLOYD. JJ, concur.